**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4065**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DAVID CORBETT STEVENS,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:06-cr-00217-RBH-1)

———————————

Submitted:  August 24, 2009     Decided:  September 2, 2009

———————————

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William I. Diggs, THE LAW FIRM OF WILLIAM I. DIGGS, Myrtle Beach, South Carolina, for Appellant.  Rose Mary Sheppard Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, David Corbett Stevens pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) & (e) (2006) (Count One), and stealing a firearm, in violation of 18 U.S.C. § 924(l) (2006) (Count Two).[*] The district court found that Stevens qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and sentenced him to 180 months' imprisonment on Count One and a concurrent 120 months' imprisonment on Count Two. Stevens timely appealed. Stevens' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Stevens filed a pro se supplemental brief, challenging Stevens' designation as an armed career criminal.

Under § 924(e), a defendant convicted under § 922(g) who has three prior convictions for either violent felonies or serious drug offenses is considered an armed career criminal and is subject to enhanced penalties. The district court relied on four prior North Carolina state convictions to designate Stevens as an armed career criminal: three felonious breaking and entering convictions and a conviction for escape.

---

[*] We find that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Stevens' guilty plea.

2

Counsel contends that two of the felonious breaking and entering convictions should not have been counted as predicate offenses for purposes of designating Stevens as an armed career criminal because he was seventeen when he committed the crimes. However, because Stevens was tried as an adult and the offenses were punishable by more than one year in prison, the fact that he was a juvenile at the time of the offenses is not relevant for purposes of § 924(e). United States v. Lender, 985 F.2d 151, 155-56 (4th Cir. 1993).

Stevens argues in his pro se supplemental brief that one of his felonious breaking and entering convictions did not qualify as a predicate offense because it did not involve breaking into a residence. This court has held that a North Carolina conviction for breaking and entering is a violent felony for purposes of the ACCA. United States v. Thompson, 421 F.3d 278, 283-84 (4th Cir. 2005). Accordingly, Stevens' argument is without merit.

Next, Stevens argues in his pro se supplemental brief that his prior larceny conviction does not qualify as a predicate offense under the ACCA. However, the district court did not count this conviction as a predicate offense.

Finally, Stevens challenges the district court's finding that his escape conviction qualified as a predicate offense for purposes of designating him as an armed career

3

criminal.  Assuming without deciding that Stevens' escape conviction would not qualify as a predicate offense, Stevens still has three predicate offenses that qualify him as an armed career criminal, namely his three North Carolina state convictions for felonious breaking and entering.  We therefore conclude that no constitutional error occurred in applying the armed career criminal statute in this case.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Stevens' convictions and sentence.  This court requires that counsel inform Stevens, in writing, of the right to petition the Supreme Court of the United States for further review.  If Stevens requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Stevens.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4